CASE NOS.: 13-56568 and 14-55177

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

VERA DRAGICEVICH, Plaintiff and Appellant,

v.

JP MORGAN CHASE BANK, N.A., individually and as successor by merger to CHASE HOME FINANCE LLC, and CALIFORNIA RECONVEYANCE COMPANY, Defendants and Appellees

## BRIEF OF APPELLANT

APPEAL FROM UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA
Hon. Audrey B. Collins
Case No. CV 12-8192-ABC (MANx)

Submitted by Counsel for Plaintiff-Appellant,
Keith A. Robinson, Esq.
6320 Canoga Ave., Suite 1500
Woodland Hills, CA 91367
Phone: 310-849-3135

# TABLE OF CONTENTS

I.   STATEMENT OF JUISRISDICTION …………………….. . . . .     1

II.  STATEMENT OF ISSUES FOR REVIEW AND STANDARD OF
     REVIEW…………………………………...…………………..     3

III. CONCISE STATEMENT OF THE CASE……….……………….....5

IV.  SUMMARY OF ARGUMENT …………………….…...………………5

V.   ARGUMENT ……………………….…………………..……………   6

     A. TIMELY APPEAL …………………………………….. . .   6

          1. APPEAL WAS FILED VIA ECF  ………………………   8
          2. APPEAL WAS TIMELY ON SEPTEMBER 3, 2013  ..…   9
          3. COUNSEL TOOK IMMEDIATE AND TIMELY
             EFFORTS.. . . …. …. . …. …………………..…… 9
          4. THE ECF COMPUTER ENTRIES CONSTITUTE NOTICE
             OF AN APPEAL ……………………………….....……10
          5. IN THE ALTERNATIVE, GOOD CAUSE, EXCUSABLE
             NEGLECT, AND THE INTERESTS OF JUSTICE FAVOR
             A DETERMINATION THAT THE TIME FOR NOTICE
             OF APPEAL BE EXTENDED TO INCLUDE THE
             NOTICE OF APPEAL ON THE DOCKET AS OF
             SEPTEMBER 6, 2013……………………………….10

     B.  BANK'S MOTION FOR SUMMARY JUDGMENT SHOULD
         HAVE BEEN DENIED………….………………….....… . . .  12

          1. ESSENTIAL ELEMENTS OF ACCORD AND
             SATISFACTION / NOVO  . ……………………..…….15
          2. ESSENTIAL ALLEGATIONS FOR DECLARATORY
             RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17
          3. ESSENTIAL ELEMENTS FOR SPECIFIC
             PERFORMANCE . . . . . . . . . . . . . . . . . . . . . . . .18
          4. ALLEGATIONS ABOUT BANK'S PRACTICES AND
             MOTIVATIONS ……………………………….....…19

5. ESSENTIAL ALLEGATIONS SUPPORTING
FRAUDULENT AND DECEPTIVE BUSINESS
PRACTICES AND DAMAGES THEREON . . . . . . . . . 20
6. QUIET TITLE …………………………………….. 22

VI. CONCLUSION OF PRECISE RELIEF SOUGHT………………… . 23

Form 8 Certificate of Compliance

# TABLE OF AUTHORITIES

## Cases

*Aldabe v. Aldabe*, 616 F2d 1089, 1091 (9th Cir. 1980)……...… . . . . . . . . .7

*Becker v. Montgomery* (2001),532 US 757, 767, 121 S.Ct. 1801, 1807...…6

*Catlin v. United States*, 324 US 229, 233, 65 S.Ct. 631, 635 (1945)….. . . . 2

*Corvello v. Wells Fargo Bank*, 728 F.3d 878 (9th Cir. 2013) ………...  10, 11

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 US 863, 868, 114 S.Ct. 1992, 1996 (1994) ………………………………………...………...1, 2

*Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F3d 684, 690 (9th Cir. 2010) …………………………………………....... 2

*Mohawk Industries, Inc. v. Carpenter*, 558 US 100, 130 S.Ct. 599, 604–605 (2009) ………………………………………………………………….2

*Noa v. Key Futures, Inc.*, 638 F2d 77, 78–79 (9th Cir. 1980)………... 6

*Rabin v. Cohen*, 570 F2d 864, 866 (9th Cir. 1978)…………………....6

*Rogers v. County of San Joaquin*, 487 F3d 1288, 1294 (9th Cir. 2007).2

*Shaw v. City of Sacramento*, 250 F3d 1289, 1293 (9th Cir. 2001……...4

*S.M. v. J.K.*, 262 F3d 914, 922 (9th Cir. 2001), amended 315 F3d 1058 (2003)……………………………………………………………...…... 4, 6

*Smith v. Barry* (1992), 502 US 244, 248, 112 S.Ct. 678, 681……...……..6, 7

*Te-Moak Tribe of Western Shoshone of Nevada v. United States Dept. of Interior*, 608 F3d 592, 596, fn. 3 (9th Cir. 2010)…………………….…...2

*Travelers Cas. & Sur. Co. of America v. Brennete*, 551 F3d 1132, 1137 (9th Cir. 2009)……………………………………………………………….4

*United States v. 1.377 Acres of Land*, *More or Less, situated in City of San Diego, County of San Diego, State of Calif.*, 352 F3d 1259, 1264 (9th Cir. 2003)………………………………………………………………4

*Vivendi SA v. T–Mobile USA Inc.*, 586 F3d 689, 690, fn. 2 (9th Cir. 2009)..7

## Statutes

California Civil Code § 1572…..…………………………………………20

California Code of Civil Procedure § 760.010……………………………..22

California Code of Civil Procedure § 1060…………………………..  17

FRAP Rule 3………………………………………………………...6

FRAP Rule 4………………………………………………………...7

28 USC § 1291…………………………………………………….…...1

28 USC § 1332(a)…………………………………………………….…...1

## Other Authorities

AB 278 (Eng/Feuer/Mitchell/Pérez)…………………….………… .  13

CACI 302...……………………………………………………… 17

CACI 307...……………………………………………………… 17

SB 900 (Leno/ Evans/ Corbett/ DeSaulnier/ Pavley/ Steinberg)…………13

# I.

## STATEMENT OF JURISDICTION

In the instant case, Plaintiff Vera Dragicevich is referred to by her name or as "Homeowner". Defendant JP Morgan Chase Bank, N.A. individually and as successor by merger to Defendant Chase Home Finance LLC and Defendant California Reconveyance Company are collectively referred to as "Bank" or as "Chase".

(a) The District Court had jurisdiction in this case based on diversity of citizenship of the parties. 28 USC § 1332(a). *See* Excerpts of Record ("EOR") at 253 [Notice of Removal].

 (b) Jurisdiction is proper in this Court because the circuit courts of appeals have jurisdiction over appeals from all final decisions of the district courts. 28 USC § 1291. An appeal is proper once final judgment has been entered. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 US 863, 868, 114 S.Ct. 1992, 1996 (1994). In the instant case, the District Court ordered a proposed Judgment to be prepared and submitted. EOR at 14. Thus the Judgment entered August 1, 2013 was the final decision in the initial Appeal filed on September 3, 2013.

Generally, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at

any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 US 863, 868, 114 S.Ct. 1992, 1996 (1994).

A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 US 229, 233, 65 S.Ct. 631, 635 (1945); see also *Mohawk Industries, Inc. v. Carpenter*, 558 US 100, 130 S.Ct. 599, 604–605 (2009)—final decision "is typically one by which a district court disassociates itself from a case" (internal quotes omitted); *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F3d 684, 690 (9th Cir. 2010)—order is final where it "clearly evinces the district court's intention that it be that court's final act". In this case, the final act was to be a Judgment.

The Judgment following Order granting Bank's Motion for Summary Judgment ("MSJ") was entered on August 1, 2013. The District Court's grant of Appellee's Motion for Summary Judgment is a final appealable order. *See Te-Moak Tribe of Western Shoshone of Nevada v. United States Dept. of Interior*, 608 F3d 592, 596, fn. 3 (9th Cir. 2010); *Rogers v. County of San Joaquin*, 487 F3d 1288, 1294 (9th Cir. 2007).

(c)   The Notice of Appeal was docketed as entry 37 and the payment was docketed as next in order entry 38 with the docket entry 38 itself

showing creation on September 3, 2013. EOR at 40. Thus, the Notice of Appeal was timely filed on September 3, 2013 under FRAP Rules 3 and 4 but not docketed until September 6, 2013.

A Motion to Correct the Docket Entry was timely made on September 30, 2013. An Order Denying the Motion to Correct the Docket Entry was entered on January 2, 2014. A Notice of Appeal from that order was timely filed on January 30, 2014 under FRAP Rules 3 and 4. The Appeals have been consolidated.

## II.

## STATEMENT OF ISSUES FOR REVIEW AND STANDARD OF REVIEW

Appellant Homeowner appeals two decisions by the District Court. Homeowner appeals the Court's granting a motion for summary judgment in favor of Bank with judgment entered on August 1, 2013. EOR at 3, 7. Homeowner also appeals the District Court's Order denying Homeowner's Motion to Correct the Docket Entry entered on January 2, 2014. EOR at 2.

Homeowner filed and served Opposition to Bank's Motion for Summary Judgment with a Separate Statement and admissible declarations and contemporaneous exhibits. EOR at 41-58, 59-111, 112-195. Homeowner

filed and served a Motion to Correct the Docket Entry supported by admissible declarations and contemporaneous exhibits. EOR at 19-25.

The review of a Judgment granting a Motion for Summary Judgment is *de novo. Travelers Cas. & Sur. Co. of America v. Brennete*, 551 F3d 1132, 1137 (9th Cir. 2009).

Generally, interpretation of a contract presents a question of law reviewed *de novo*, with no deference accorded to the district court's interpretation. "This is particularly true where the intent of the parties is easily ascertainable from the clear and explicit language of the contract." *United States v. 1.377 Acres of Land*, *More or Less, situated in City of San Diego, County of San Diego, State of Calif.*, 352 F3d 1259, 1264 (9th Cir. 2003); see *Shaw v. City of Sacramento*, 250 F3d 1289, 1293 (9th Cir. 2001)—where district court's contract interpretation turns solely on "four corners" of instrument, review generally de novo.

The court of appeals has discretion in determining whether to treat a document as a notice of appeal. *S.M. v. J.K.*, 262 F3d 914, 922 (9th Cir. 2001), amended 315 F3d 1058 (2003).

## III.

## CONCISE STATEMENT OF THE CASE

4

In the underlying action, Homeowner seeks enforcement of a written contract signed by defendant Bank regarding a modification of her mortgage. Homeowner alleged the following causes of action: Declaratory Relief, Specific Performance and Injunction and Damages, Quiet Title, Breach of Contract, and Fraudulent and Deceptive Business Practices. EOR at 279-306.

Bank has refused to comply with the written agreement and issued a Notice of Default to Homeowner and has sought to foreclose on the property. Defendants committed outlawed practices in this case: (1) the accepting of "trial payments" in exchange for a promise of a loan modification on one hand while pursuing foreclosure on the other ("dual tracking"); and (2) Defendants' constantly churning and ostensibly reassigning Homeowner's file at least 14 times from one employee to another to another until the date of the trustee sale. EOR at 63-64.

## IV.

## SUMMARY OF ARGUMENT

Homeowner appeals the orders of the District Court on the grounds that the Appeal was timely filed, and or relief should have been granted, and Homeowner set forth sufficient facts to show, at the very least, a dispute as

to material facts in support of her causes of action and in Opposition to Bank's Motion for Summary Judgment.

## V.

## ARGUMENT

### A.  TIMELY APPEAL

While the filing of a notice of appeal is mandatory and jurisdictional, the FRAP Rule 3 requirements are *liberally* construed. FRAP 3(c)(4). "An appeal must not be dismissed for informality of form or title." *Smith v. Barry* (1992), 502 US 244, 248, 112 S.Ct. 678, 681; see *Becker v. Montgomery* (2001), 532 US 757, 767, 121 S.Ct. 1801, 1807.

Thus, when papers are "*technically* at variance" with the letter of FRAP Rule 3, a court may nonetheless "find that the litigant has complied with the rule if the litigant's action is the *functional equivalent* of what the rule requires." *Smith v. Barry*, supra, 502 US at 248, 112 S.Ct. at 681–682; see *S.M. v. J.K.*, supra, 262 F3d at 922.

A stipulation to transfer briefs and the record on appeal has been construed as a notice of appeal.  *Noa v. Key Futures, Inc.*, 638 F2d 77, 78–79 (9th Cir. 1980); *Rabin v. Cohen*, 570 F2d 864, 866 (9th Cir. 1978). More recently, the court granted the motion of a corporate

6

plaintiff/appellant to amend the notice of appeal to add its corporate affiliate/co-plaintiff. The civil appeals docketing statement, which was filed simultaneously with the notice and listed both corporations as appealing "plaintiffs," gave the parties adequate notice that the affiliate also intended to appeal. *Vivendi SA v. T–Mobile USA Inc.*, 586 F3d 689, 690, fn. 2 (9th Cir. 2009).

While a notice of appeal must indicate the litigant's intent to seek appellate review, "the purpose of this requirement is to ensure that the filing provides *sufficient notice* to other parties and the courts." *Smith v. Barry*, supra, 502 US at 249, 112 S.Ct. at 682 (emphasis added)]. "Thus, the *notice* afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is *effective* as a notice of appeal." *Smith v. Barry*, supra, 502 US at 248–249, 112 S.Ct. at 682 (emphasis added).

Although the rules specify the notice must be "filed" within the time allowed by FRAP 4, it is sufficient if it is *received* by the district court clerk within the specified time period. *Aldabe v. Aldabe*, 616 F2d 1089, 1091 (9th Cir. 1980). The notice in this case provided the sufficient notice to the

parties and the court.  Further,  notice of the fact of the filing was emailed to Bank's counsel within minutes of the filing. EOR at 25.

## 1. APPEAL WAS FILED VIA ECF

A timely Notice of Appeal was filed via the ECF system on Tuesday, September 3, 2013 at approximately 10:19 a.m. PDT. EOR at 20-21.   The Docket System created Docket Entry 37 for the Notice of Appeal. The Docket System generated a docket entry number 38 on September 3, 2013 at 10:19.46 a.m. that a Notice of Appeal in this case had been taken by the attorney for the Homeowner. EOR at 40. Docket 38 was generated as the next in order after 37. The text of the Docket 38 entry is that it was generated on September 3, 2013 at 10:19.46 a.m. This time is the same as the confirming email sent by ECF to Homeowner's attorney. EOR at 23. The ECF system generated a concurrent receipt for the $455.00 paid online within the same transaction as the filing of the Notice of Appeal. EOR at 21-22, 24. The Notice of Appeal filed on September 3, 2013 was a six page document that consisted of the Notice of Appeal (1 page), a Copy of the Judgment (4 pages) and a Representation Statement (1 page).   EOR 26-31.The PDF document that merged the three elements into the Notice of Appeal that was filed shows a system date of September 3, 2013 at 10:10 a.m. The computer system time is PDT. *Id.* Defendants' counsel was given

notice a Notice of Appeal **had been filed** immediately on September 3, 2013 at 10:22 a.m. EOR at 25.  The evidence without dispute is that the Notice of Appeal was filed through the ECF system which in turn created Docket Entry 37 for the Notice and then the ECF requested and received payment and in turn created Docket Entry 38.

## 2. APPEAL WAS TIMELY ON SEPTEMBER 3, 2013

A filing on Tuesday, September 3, 2013 is timely for a judgment entered on August 1, 2013 because the 30th day fell on a weekend and the Courts were closed on Labor Day, Monday September 2, 2013.

## 3. COUNSEL TOOK IMMEDIATE AND TIMELY EFFORTS

On September 6, 2013 counsel for Homeowner attempted to file the Civil Appeals Docketing Statement and could not locate the Notice of Appeal to which to attach the Docketing Statement. EOR at 19-20.

Counsel for Homeowner made immediate inquiry on September 6, 2013.  *Id.* The Help Desk at ECF located the transaction of the filing of the Notice of Appeal and the payment of the $455.00 fee on September 3, 2013 but reported a glitch as to the Notice of Appeal.  EOR at 20, 40.

The Help Desk at ECF requested the Notice of Appeal to be resubmitted without payment which took place within a few minutes of the request on September 6, 2013.   Because the fee had been paid on

9

September 3, 2013, a corrected docketing entry was made showing payment of the fee. *Id.*

### 4.   THE ECF COMPUTER ENTRIES CONSTITUTE NOTICE OF AN APPEAL

The ECF did not request payment on September 3, 2013 until the Notice of Appeal was submitted. EOR at 19-20. Only then did the ECF system ask for payment. Within the ECF system, an attorney identifies the filing as a Notice of Appeal and identifies the party filing the Appeal before ECF allows payment of the $455.00 fee. *Id.* Thus, a Notice of Appeal is made through computer clicks as well as the PDF document itself.

### 5.   IN THE ALTERNATIVE, GOOD CAUSE, EXCUSABLE NEGLECT AND THE INTERESTS OF JUSTICE FAVOR A DETERMINATION THAT THE TIME FOR A NOTICE OF APPEAL BE EXTENDED TO INCLUDE THE NOTICE OF APPEAL ON THE DOCKET AS OF SEPTEMBER 6, 2013

Even if the Court decides that a Notice of Appeal was not timely on September 3, 2013 or September 6, 2013, good cause for relief further lies because the law changed in July since the District Court made its ruling that underlies the Judgment. *See, Corvello v. Wells Fargo Bank*, 728 F.3d 878

(2013). Homeowner herein claimed she had causes of action because the Defendant Bank did not send her a Mortgage Modification after she made the Trial Payments. There was no dispute that the Defendant Bank said they would send a Modified Mortgage and there was no dispute they did not. The District Court ruled before the 9th Circuit published its opinion in *Corvello.* In the *Corvello* opinion, the Court reversed the trial court on similar facts to this case and found the defendant bank had an obligation to produce a Mortgage Modification after accepting the Trial Payments. The main issue in the instant case is the same issue as in the *Cirvello* case, to wit, the Defendant Bank is obligated to generate a Mortgage Modification after Homeowner performed her part by making the Trial Payments.

The critical fallacy in the District Court's decision is a finding that Bank did not obligate itself to generate any Mortgage Modification after receipt of the Trial Payments. This finding is at odds with the undisputed facts and the law of the *Cirvello* that Bank breached its contract to accept Trial Payments and then not generate a Mortgage Modification of any type under any terms. The District Court disagreed with Homeowner with what the terms of the Mortgage Modification should be. But that does not logically mean the Bank was entitled not to generate any Mortgage

Modification.  This is the key wrong and it sounds in contract and fraud. Homeowner plead for damages in the alternative to specific performance.

## B. BANK'S MOTION FOR SUMMARY JUDGMENT SHOULD HAVE BEEN DENIED

The main point of Bank's motion seems to be terms of a document called an RMA, but the record Bank produces about the RMA is very unclear about what document was signed when or even at all.  Docket entries 21-1 and 21-2 are said to be Declarations and Exhibits in Support of Bank's MSJ/MSA, but they are mostly illegible blank pages which do not appear to contain a Declaration and do not contain an RMA.  Homeowner's EOR contains what is legible from these docket entries which are deposition excerpts of Vera Dragicevich. EOR at 213-242 [EOR at 243-245 were pages from the Declarations too corrupted to print].  There is not a signed RMA in the record and if there is a signed one, the facts are in dispute as to what part it played, if any, in the contractual obligations of the parties and whether, if it was signed, whether it was waived under the totality of the facts. EOR at 204, Separate Statement at issue 15.  *See* EOR at 48-49, Separate Statement at issue 15.

Homeowner faces the irreparable harm of losing her home to foreclosure at a trustee's sale despite a valid contract between her and defendants. The Notice of Default is invalid because no payments were due at the time defendants recorded it on May 1, 2009 due to a forbearance approved on November 25, 2008. EOR at 114, 175, 178. In 2012 Homeowner tendered two payments to Bank. EOR at 120. Bank rejected the tenders both times. *Id.*

Defendants engaged in a pattern of fraudulent racketeering as found by the California State Legislature in a bill the Governor signed. AB 278 (Eng/Feuer/Mitchell/Pérez) and SB 900 (Leno/ Evans/ Corbett/ DeSaulnier/ Pavley/ Steinberg).

Two of the specifically outlawed practices Defendants committed in this case are: (1) the promising of a loan modification process on one hand while pursuing foreclosure on the other ("dual tracking"); and (2) Defendants' constantly churning and ostensibly reassigning Homeowner's file at least 14 times from one employee to another to another until the date of the trustee sale. Proof comes from Bank's files (EOR at 181) that Bank knew on April 15, 2010 it would never qualify Homeowner for a permanent loan modification, yet on the same day Bank decided to make Homeowner an offer of permanent loan modification to induce her to pay Bank money

13

and more importantly to preserve and maintain the property for free while Bank waited for the market to recover.  EOR at 114 at ¶ 11, EOR at 181.

The purpose of these fraudulent practices and the public policy reasons they are illegal are three-fold: (1) Defendants collect new payments as consideration for the loan modification without giving up their foreclosure proceeding; (2) Defendants use the promised modification to keep homeowners in place so that Defendants can control the influx of new property onto the resale market to maximize Defendants' sales price; and (3) Defendants keep the homeowners in place to maintain the properties at no cost to Defendants and without the landlord / tenant obligations to fix water heaters, leaks, etc, repair damages from vandals, maintain landscaping, prevent transients from occupying the property, etc.

Bank interfered with the timely disposition of this action by refusing to provide facts, witnesses or documents to support almost any of the scores of denials in its Verified Answer.  Bank had been in the case for sixteen months when it served its discovery responses dated April 19, 2013.  The non-responsiveness of the discovery responses are indicative of Bank's need not to disclose the truth of what it was doing.  EOR at 113, 163-171.

For example, in discovery Bank refuses to answer how it determined to offer Homeowner a trial payment in the amount of $2,095.17 if in fact

14

Bank was not responding to Homeowner's previous offer. EOR 163-165. A trier of fact is entitled to find that the Bank's offer following on the heels of Homeowner's offer was the Bank's counter offer particularly if Bank does not proffer any evidence to the contrary. *Id.* In any event, Homeowner accepted Bank's offer and performed according to it.

## EVIDENCE SUPPORTS THE FOUR CAUSES OF ACTION

## 1.  ESSENTIAL ELEMENTS OF ACCORD AND SATISFACTION/ NOVO

The Verified Complaint shows the offer and acceptance of a new performance that replaced the old. The Declaration of Vera Dragicevich provides the factual evidence of the allegations. EOR 59-111.

The Dragicevich Decl. is evidence of offer, acceptance, consideration, full performance of conditions precedent, breach, and remedies of Declaratory Relief, Specific Performance and Injunction and Damages in the First Cause of Action,  a cause of action and remedies in the Second Cause of Action for Quiet Title, a cause of action for Breach of Contract in the Third Cause of Action in the alternative to Injunctive Relief,  and a cause of action for Fraudulent and Deceptive Business Practices in the Fourth Cause of Action.

In March, 2010, the named Defendant Bank asked Homeowner in writing to make an offer to replace all existing loan agreements. EOR at 60, 84-85. After meeting in person with Bank on March 23, 2010 to discuss new terms and to provide requested documents and in response to Bank's solicitation (EOR at 60-64), Homeowner made a written offer to Bank on or about March 24, 2010 to change all of her debt to a $450,000.00 mortgage at 2% interest for a 40 year amortization for principal and interest of $1,363.00 per month and property tax and insurance of $670.00 per month. EOR at 64, 86. Within a week, on March 31, 2010, Bank's agents physically inspected and appraised Homeowner's home. EOR at 64. In a writing dated April 16, 2010 Bank accepted the offer in a signed writing and proposed a monthly payment a few dollars higher of $2,095.17 versus $2.033.00 offered with impounds. EOR at 64, 88. Homeowner accepted the acceptance in writing. EOR 64-65, 88-90. It is a dispute of material fact whether Bank's acceptance necessarily responded to Homeowner's offer or was new offer. In any event, Homeowner accepted and is entitled to receive from Bank an offer to modify her loan. It is mathematically impossible for the new payment amount of $2.095.17 to pay property taxes, insurance and principal and interest without changing the principal balance, the interest rate and the amortization period as set forth in Homeowner's written offer. *Id.* However, Bank did not

generate a permanent modification on any terms as it promised it would in exchange for receipt of the trial payments. Homeowner fully performance of all conditions precedent to Bank's duty to perform.

Bank's acceptance included Bank's promise: "After successful completion of the Trial Period Plan, Chase **will send you** a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount", in this case $2,095.17. EOR at 65, 88-89. Chase said Chase would permanently change the indebtednesses to those terms if Homeowner made three payments with certified funds, a condition Homeowner performed.  Chase reserved the right to adjust for escrow disbursements, i.e., property taxes, or add unpaid interest to the new principal balance but never did so. *Id.*

These allegations comply with the elements a jury would be asked to consider on the issues of contract formation. See CACI 302 and CACI 307.

## 2.    ESSENTIAL ALLEGATIONS FOR DECLARATORY RELIEF

The Dragicevich Decl. at EOR 67-68 sets forth the essential elements of a Declaratory Relief Action, part of the First Cause of Action,  pursuant to Code of Civil Procedure § 1060. For example, the Verified Complaint alleges in part:

17

"33. Plaintiff asserts that Defendants, and each of them, denies Chase's obligations under the Agreement including without limitation Chase's promise: "Chase **will send you** a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount."

34. Plaintiff seeks a Declaration of Rights under the Agreement which consists of the terms and conditions in Plaintiff's Offer dated March 24, 2010, attached hereto as Exhibit "A" and Chase's Acceptance dated April 16, 2010 and Plaintiff's Acceptance dated April 26, 2010 collectively attached as Exhibit "B".

The Verified Complaint at ¶¶ 35-36 alleges more specifically the Declaration of Rights requested. There are disputed issues of material fact about the parties' contentions.


## 3.     ESSENTIAL ELEMENTS FOR SPECIFIC PERFORMANCE

The Verified Complaint alleges the requirements for Specific Performance and Injunctive Relief as part of the remedies requested and the First Cause of Action. The Verified Complaint at ¶¶ 37- 38 alleges Homeowner faces the irreparable harm of losing her home to foreclosure at a trustee's sale. EOR at 292. The Verified Complaint alleges all real property

is unique and Homeowner's home in which she lives is of unique importance to her.  EOR at 60.

## 4.    ALLEGATIONS ABOUT BANK'S PRACTICES AND MOTIVATIONS

The Verified Complaint at ¶ 29 alleges in part: "the purpose of the fraudulent practices is to extract additional consideration from [Homeowner] by . . . an accord and satisfaction [and] by Chase not following through with the  . . .  accord and satisfaction and instead maintaining in the legal recordings a right to dispossess Plaintiff . . . for past **alleged** delinquencies and thereby [to] allow[] Chase to obtain a windfall of the ownership of valuable property for which it never paid consideration." [Emphasis added.] EOR at 290.

The Verified Complaint at ¶ 29 alleges in part; "Chase tells Plaintiff that her loan is in "active modification" in order to induce Plaintiff to continue in possession so as to maintain the physical condition of the Property at no cost to Chase."  *Id.*  Chase's records prove Chase never intended to provide Homeowner a permanent modification. EOR at 181.

5.    **ESSENTIAL ALLEGATIONS SUPPORTING FRAUDULENT AND DECEPTIVE BUSINESS PRACTICES AND DAMAGES THEREON**

The Verified Complaint at ¶ 29 alleges facts, and the declarations an exhibits prove facts, sufficient to state and prove a cause of action for fraudulent and deceptive business practices under Civil Code § 1572 by *inter alia* alleging facts of Chase entering an agreement with no intention of performing it: "The deceptive business practice includes Chase signing the contract in this case telling Homeowner in person on March 23, 2010, inducing Homeowner to make her written offer on March 24, 2010, and Chase accepting the offer in writing on April 16, 2010 that the new Agreement was to modify her mortgage and encumbrances permanently while Chase knew that it would deny the new Agreement at a later date." EOR at 291.

The record sets forth evidence of the specific time, place, employee name and content of the representations about the terms of the New Agreement. EOR 60-65.  The record sets forth evidence of communication of those representations about the terms to Chase executives. The record sets forth evidence of the adoption of the representations by Chase through an executive signature that looks like Richard L. Selben (EOR at 91) and

20

includes additional representations that upon receipt of three payments in the new amount of $2,095.17, Chase would prepare new paperwork at that new payment amount. EOR at 88-91.

The record includes evidence Chase made statements to induce Homeowner to take actions: "Chase made this statement that 'Chase **will send you** a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount' in the declarative sense '**will**' and not as a conditional statement 'might' or 'may' or 'may be subject to further approval' in order to induce Plaintiff to sign the Agreement and to send money to Chase in the form of cashier checks." *Id.*

The record sets forth evidence of Homeowner's reasonable reliance. EOR at 66-67.

The Verified Complaint at ¶ 29 alleges additional wrong acts and false statements made by Chase employees to Homeowner about "active modification", trespass by fraud, harassment of Homeowner and certain damages: "severe emotional distress as any reasonable person would when confronted by the deceptive practices of Chase seeking to steal her home", for example, by perpetuating a Notice of Default after granting a Forbearance. EOR at 175, 177.

The record sets forth facts supporting notice to, and ratification by the Office of the President of Chase of the alleged deceptive and fraudulent practices. EOR at 63, 64.

The record sets forth facts to support the Complaint's request for damages such as "special damages including severe emotional distress about the threatened loss of her home which is a unique property, loss of credit reputation, and physical ailment as a manifestation of stress." EOR at 60.

## 6.    QUIET TITLE

The gravamen of the Verified Complaint is that the supposed Notice of Default/Sale are manufactured events and need to be quieted for any of several alleged reasons. Code of Civil Procedure § 760.010.

Homeowner has tendered monthly payments. Chase has refused them. EOR at 113.

A Notice of Default was recorded on or about May 1, 2009 by Doe Defendant 2 California Reconveyance Company.  The Notice of Default states that the beneficiary is Washington Mutual Bank. FA.  The Notice of Default refers the borrower to JPMorgan Chase Bank, National Association, now named in this action as Doe Defendant 1. However, there are no

documents showing that any interest in the Property in question was among the assets owned by Washington Mutual at the time Bank acquired those assets.  There is no recorded document showing that Bank has any right to have a Notice of Default recorded on this Property or any other property. The Request for Judicial Notice does not support that Washington Mutual had any interest, whether there are grounds for a Notice of Default to be recorded, and whether Bank has any legal basis to proceed with a foreclosure in this case.

## V.

## CONCLUSION OF PRECISE RELIEF SOUGHT

For the aforementioned reasons, Homeowner respectfully requests that the Court reverse the District Court's denial of Plaintiff's Motion to Correct the Docket, and instead find that the Notice of Appeal was timely, or in the alternative, that an Order enlarging the time should have been granted, and that this Court reverse the District Court's granting of

//

//

//

Defendant Bank's Motion for Summary Judgment/Summary Adjudication and remand this action for trial.

Respectfully submitted,

Dated:  April 1, 2014                              **KEITH A. ROBINSON**

By:_____

KEITH A. ROBINSON
Attorney for **PLAINTIFF-APPELLANT**

Statement of Related Cases per 9th Circuit Rule 28-2.6

Case Nos. 13-56568 and 14-55177

Appellant-Plaintiff does not know of any related cases other than the two cases that are identified as related in Appellant's brief, i.e., Case Nos. 13-56568 and 14-55177.

**Form 8.    Certificate of Compliance Pursuant to 9th Circuit Rules 28-4, 29-2(c)(2) and (3), 32-2 or 32-4[1] for Case Number** _13-56568_ and 14-55177

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (check appropriate option):

☐ This brief complies with the enlargement of brief size permitted by Ninth Circuit Rule 28-4.  The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).  This brief is _____ words,_____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief complies with the enlargement of brief size granted by court order dated _____.  The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).  This brief is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 32-2 and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 29-2(c)(2) or (3) and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☒ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4.  The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

| Signature of Attorney or Unrepresented Litigant | s/ Keith A. Robinson |
|---|---|

("s/" plus typed name is acceptable for electronically-filed documents)

| Date | April 1, 2014 |
|---|---|

[1] If filing a brief that falls within the length limitations set forth at Fed. R. App. P. 32(a)(7)(B), use Form 6, Federal Rules of Appellate Procedure.

9th Circuit Case Number(s)

13-56568 and 14-55177

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)

April 1, 2014 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. Mr. Paul Turbow is on ecf. Paul A. Turbow is not. He no longer works at Wargo French.

Signature (use "s/" format)

s/ Keith A. Robinson

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)

April 1, 2014 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Mr. Paul Turbow is now ecf registered and received the EOR via ecf. Paul A. Turbow is not. He was not served with a Mail Copy of the Brief at the Wargo French address.
He was an associate at Wargo French, but the State Bar site lists Mr. Turbow at Liner LLP which has no connection to these cases. Mr. Turbow's email at Wargo French no longer accepts email. I notified Wargo French and Bryan Cave that I would remove Mr. Turbow from my emails. I did not receive any notice to the contrary.

Signature (use "s/" format)

s/ Keith A. Robinson